**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| HW PREMIUM CBD, LLC, AJ's HEALTH AND WELLNESS d/b/a AMERICAN SHAMAN, E. KRIEGER LAND, LLC d/b/a GREENE GOODS MARKET & GREENHOUSES, GREEN ONYX INC. d/b/a YOUR CBD STORE, BEYOND CBD, LLC dba BEYOND CBD, CAMPBELL'S NUTRITION CENTERS, INC., TCI ENTERPRISE, INC. d/b/a SKY HIGH, ICANNA, LLC, YOUR CBD STORES FRANCHISING LLC | Case No. 4:24-cv-00210-SHL-HCA |

    Plaintiffs,

v.

GOVERNOR KIM REYNOLDS in her official
capacity, DIRECTOR OF IOWA
DEPARTMENT OF HEALTH AND HUMAN
SERVICES KELLY GARCIA in her official capacity,
COMMISSIONER OF IOWA DEPARTMENT
OF PUBLIC SAFETY STEPHAN BAYES in his
official capacity, and IOWA SECRETARY OF
AGRICULTURE MIKE NAIG in his official capacity,

    Defendants.

---

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

**(REQUEST FOR EXPEDITED RELIEF AND ORAL ARGUMENT)**

---

Plaintiffs HW Premium CBD, LLC ("HW"), AJ's Health and Wellness d/b/a American

Shaman ("AJ's Health and Wellness"), E. Krieger Land, LLC d/b/a Green Goods Market &

Greenhouses ("Green Goods"), Green Onyx Inc. d/b/a Your CBD Store ("CBD Store"), Beyond

CBD LLC dba Beyond CBD ("Beyond CBD"), Campbell's Nutrition Centers, Inc.

1

("Campbell's"), TCI Enterprise, Inc. d/b/a Sky High ("Sky High"), Icanna, LLC ("Icanna") and Your CBD Stores Franchising LLC ("Your CBD Franchising") (collectively, "Plaintiffs") by and through their counsel of record, pursuant to Federal Rule of Civil Procedure 65(a) and (b) and LR 7(i) & 65, hereby respectfully request that this Court enter a temporary restraining order and preliminary injunction against Defendants Governor Kim Reynolds in her official capacity ("Reynolds"), Director of Iowa Department of Health and Human Services Kelly Garcia in her official capacity ("Garcia"), Commissioner of the Iowa Department of Public Safety Stephan Bayes in his official capacity ("Bayes"), and Iowa Secretary of Agriculture Mike Naig ("Naig") in his official capacity (collectively, "Defendants"), to enjoin Defendants and their officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with Defendants from enforcing House File 2605 ("H.F. 2605") and House File 2641 ("H.F. 2641") (collectively, the "Hemp Amendments") against Plaintiffs and others similarly situated.

The Hemp Amendments will severely and negatively impact existing Iowa law relating to hemp, which has been in place since 2019 (and later expanded in 2020) in accordance with the 2018 Farm Bill ("2018 Farm Bill"). The justification for the requested temporary restraining order and preliminary injunction is more completely explained in the accompanying Brief in Support of Motion for Temporary Restraining Order and Preliminary Injunction, together with supporting declarations and other evidence. For the sake of judicial efficiency and convenience, the summarized key facts of law relied upon in support of the request are as follows:

1.      On May 17, 2024, Iowa Governor Kim Reynolds signed into law several amendments to the Iowa Hemp Act, including H.F. 2605 and H.F. 2641 (again, the "Hemp Amendments"). The Hemp Amendments are scheduled to take effect July 1, 2024, a mere *six weeks* after they were signed into law.

2.      In 2019, Iowa passed the Iowa Hemp Act in accordance with the 2018 Farm Bill, making the manufacture, distribution and sale of consumable hemp products legal in Iowa. S.F. 599 (2019). In 2020, Iowa expanded upon the Iowa Hemp Act. H.F. 2581. The 2020 bill provided for the legalization and regulation of "consumable hemp product[s]." H.F. 2581 (2020).

3.      The Hemp Amendments substantially alter the existing regulations governing the sale and shipment of hemp and hemp products that have governed Plaintiffs' operation of lawful, licensed businesses within Iowa pursuant to both federal and Iowa laws they have built their entire livelihoods around. These changes include both significant civil and criminal penalties.

4.      Specifically, H.F. 2605 will now limit consumable hemp products to: "(1) products with a maximum THC concentration that is less than or equal to the lesser of (a) three-tenth of one percent on a dry weight basis, (b) Four milligrams per serving and ten milligrams per container on a dry weight basis." H.F. 2605 §2. H.F. 2605 further prohibits "synthetic consumable hemp products," and raw bud or flower hemp product for the purpose of inhalation. *Id*., § 8. H.F. 2605 also requires consumable hemp products have a notice affixed to the container warning of health risks associated with the products, but fails to indicate what that notice must say. *Id.*, § 4. Finally, H.F. 2605 enacts several criminal and civil penalties for violations of such laws. *See generally id.*

5.      H.F. 2641 implements a new regulatory structure regarding hemp production (*i.e.*, the growing and testing of hemp), including enacting a criminal penalty for production, use, harvest, transportation, delivery, distribution, or sale of cannabis as a controlled substance unless compliant with Chapters 204 and 204A and allowing the Iowa Department of Health and Human Services ("DHHS") to confiscate and dispose of noncompliant products. No grace period to phase in compliance is allowed. No legal sell-through of existing product is allowed. Instead, Plaintiffs

risk immediate criminal and civil enforcement for the sale, transportation, manufacture and possession of noncompliant products as of July 1, 2024.

6.     The Hemp Amendments also require the DHHS to promulgate regulations to guide in implementing and enforcing them. However, no regulations have been promulgated at this time.

7.     Plaintiffs are retailers, hemp farmers, manufacturers, and distributors who are involved in the consumable hemp industry within Iowa. If not enjoined, these Plaintiffs do not have the infrastructure or capital to survive the enforcement of the Hemp Amendments, especially on such a truncated timeline. One of Plaintiffs' locations has already shuttered in the face of the Hemp Amendments coming into effect on July 1.

8.     Under the Supremacy Clause of United States Constitution, the Hemp Amendments are expressly preempted by the 2018 Farm Bill, which prevents states from enacting laws that impact or criminalize, like the Hemp Amendments, the interstate transportation of hemp.

9.     Also, under the principles of the Supremacy Clause of the United States Constitution, the Hemp Amendments are preempted because they stand as an obstacle, and thus conflict, with the 2018 Farm Bill, which precludes a state from adopting a narrower definition of hemp, which the Hemp Amendments do.

10.     The Hemp Amendments also violate the due process clause of the Fourteenth Amendment of the United States Constitution, both facially and as-applied to Plaintiffs' conduct, because they are vague (key terms are undefined and regulations mandating the parameters of what behavior is compliant with the Hemp Amendments have not yet been promulgated). Further, the Hemp Amendments go into effect six weeks after they were signed into law, failing to provide Plaintiffs, and anyone else, enough time to come into compliance with the laws.

11.     The Hemp Amendments violate the Commerce Clause of the United States Constitution, and they place an undue burden on interstate commerce in a manner in excess to local benefits. Namely, the Hemp Amendments substantially restrict the possession, manufacture, sale, and transportation of non-conforming hemp and hemp products within Iowa, meaning that hemp and hemp products from other states, that were produced, manufactured, or sold lawfully in accordance with the 2018 Farm Bill, may not even enter the state of Iowa (even if they are just being transported through), or the possessor may face criminal penalties.

12.     Further, the legislative history appears to show that the purported local benefits of the Hemp Amendments are not only to protect persons under the age of twenty-one from hemp or hemp products, but also to protect one industry (Iowa's medical cannabis program) over another (Iowa's CBD industry).

13.     The Hemp Amendments, which make any existing products that do not comply on July 1, 2024 illegal to even possess, will require Plaintiffs to waste and destroy hundreds of thousands of dollars of existing, safe, federally legal (and formally legal in Iowa) product, resulting in a taking without just compensation. The Hemp Amendments stand as a regulatory taking because they deprive Plaintiffs of all economically beneficial use of their property. Plaintiffs could have not reasonably expected that, in just six weeks' time, their investments, inventories, and segments of their businesses and for some, their entire business for others would be deemed worthless.

14.     Plaintiffs have shown a likelihood of success on the merits for each of their claims and that they will suffer irreparable harm if injunctive relief is not granted. Further, the balance of the equities and the interest of the public weigh in favor of issuing injunctive relief and it is also in the best interest of the public to refrain from enforcing unconstitutional laws.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court enjoin Defendants from enforcing H.F. 2605 and H.F. 2641 by issuance of a temporary restraining order until an evidentiary and adversarial hearing for a preliminary injunction may be had and by issuance of preliminary injunction until the matter may be heard on the merits and for such further and other relief as the Court deems appropriate.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs respectfully request that a hearing for oral argument be set for this matter. As demonstrated above and as asserted in Plaintiffs' Brief in Support of Motion for Temporary Restraining Order and Preliminary Injunction, good cause exists as Plaintiffs' constitutional rights are imminently at stake and a hearing will permit all parties to be heard on the issues presented. Dated this 25th day of June 2024.

HW PREMIUM CBD, LLC,
AJ's HEALTH AND WELLNESS d/b/a
AMERICAN SHAMAN, E. KRIEGER LAND,
LLC d/b/a GREENE GOODS MARKET &
GREENHOUSES, GREEN ONYX INC. d/b/a
YOUR CBD STORE, BEYOND CBD, LLC dba
BEYOND CBD, CAMPBELL'S NUTRITION
CENTERS, INC., TCI ENTERPRISE, INC. d/b/a
SKY HIGH, ICANNA, LLC, YOUR CBD
STORES FRANCHISING LLC, Plaintiffs,

BY:     */s/ Ryann A. Glenn*
        Ryann A. Glenn – # AT0010530
        Alexa B. Barton (NE #27010)
        (*Pro Hac Vice Forthcoming*)
        HUSCH BLACKWELL, LLP
        14606 Branch Street, Suite 200
        Omaha, NE 68154
        Telephone: (402) 964-5000
        Facsimile: (402) 964-5050
        Ryann.glenn@huschblackwell.com
        Allee.barton@huschblackwell.com

Lowell D. Pearson (MO #46217)
(*Pro Hac Vice Forthcoming*)
HUSCH BLACKWELL, LLP
630 Bolivar Street, Suite 300
Jefferson City, MO 65101
Telephone: (573) 635-9118
Facsimile: (573) 634-7854
Lowell.pearson@huschblackwell.com

Matt Kamps (IL #6313183)
(*Pro Hac Vice Forthcoming*)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Telephone: (312) 655-1500
Facsimile: (312) 655-1501
Matt.kamps@huschblackwell.com

Sierra J. Faler (MO #70050)
(*Pro Hac Vice Forthcoming*)
HUSCH BLACKWELL LLP
4801 Main Street, Suite  1000
Kansas City, MO 64112
Telephone: (816) 983-8000
Facsimile:  (816) 983-8080
Sierra.faler@huschblackwell.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 25th day of June 2024, the foregoing was electronically served by the court via EDMS and will be directed further to a Private Process Server for personal service to be completed.

/s/ *Ryann A. Glenn*