IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| HW PREMIUM CBD, LLC, AJ's HEALTH AND WELLNESS d/b/a American Shaman, E. KRIEGER LAND, LLC d/b/a Greene Goods Market & Greenhouses, GREEN ONYX INC. d/b/a Your CBD Store, BEYOND CBD, LLC d/b/a Beyond CBD, CAMPBELL'S NUTRITION CENTERS, INC., TCI ENTERPRISE INC. d/b/a Sky High, ICANNA, LLC, YOUR CBD STORES FRANCHISING LLC,<br><br>Plaintiffs,<br><br>v.<br><br>KIM REYNOLDS, Governor of Iowa in her official capacity, KELLY GARCIA, Director of Iowa Department of Health and Human Services in her official capacity, STEPHAN BAYES, Commissioner of Iowa Department of Public Safety in his official capacity, MIKE NAIG, Secretary of Iowa Department of Agriculture in his official capacity,<br><br>Defendants. | Case No. 4:24-cv-00210-SMR-SBJ<br><br><br>ORDER |

On June 25, 2024, the above-captioned Plaintiffs initiated this case against the above-captioned Defendants. Plaintiffs seek a temporary restraining order ("TRO") enjoining the enforcement of Iowa House File 2605 and House File 2641 prior to their effective date of July 1, 2024. [ECF No. 2]. Although Plaintiffs do not expressly state so, the Court construes the motion as a request for a TRO "without written or oral notice to the adverse party or its attorney." Fed. R. Civ. P. 65(b)(1).

The Federal Rules of Civil Procedure permit a federal district court to issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Plaintiffs have filed no written certification regarding the efforts made to give notice to Defendants—all public officials—or why notice should not be provided to them.

"The stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Int'l Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) (cleaned up) (citation omitted).  Courts have therefore "recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  "Ex parte temporary restraining orders are most familiar to courts where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984); *accord McCord*, 452 F.3d at 1131.

Plaintiffs emphasize in their motion that this is a "time sensitive emergency" wherein they face an imminent threat of criminal prosecution.  This necessitates an immediate temporary restraining order preventing enforcement of the challenged provisions until a hearing on the merits.

However, the rules require the affirmation by counsel in order for the Court to determine whether a TRO without notice is proper.

Plaintiffs did not comply with the Federal Rules of Civil Procedure. Moreover, it is apparent that given Defendants' status as public officials, Plaintiffs could not meet this standard. *See Am. Can Co.,* 742 F.2d at 322. Accordingly, their Motion for a TRO is DENIED. [ECF No. 2]. The Court shall treat this as a Motion for a Preliminary Injunction. Plaintiff shall make service of process on Defendants and a status conference on this matter will be held in person at the Des Moines Courthouse, Room 145, 123 East Walnut Street at **9:00 am on Friday, June 28, 2024.** The Court will work with the parties at the status conference to set briefing deadlines and schedule a hearing on the preliminary injunction motion. Parties or attorneys who wish to participate telephonically shall contact the Court.

IT IS SO ORDERED.

Dated this 26th day of June, 2024.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT